# EXHIBIT A

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

DANIEL DEWOSKIN,                          :
on behalf of himself and all others        :
similarly situated,                        :
                                           :
        Plaintiff,                         :
                                           :        Civil Action File No.
v.                                         :           20A78718
                                           :        _____
DESERT LAKE GROUP, LLC,                    :
a Utah limited liability company,          :        **CLASS ACTION**
d/b/a First Class Herbalist CBD, and       :
                                           :
DARIN TOONE,                               :
                                           :        **Jury Trial Demanded**
        Defendants.                        :
_____:

## CLASS ACTION COMPLAINT

## INTRODUCTION

1.   Plaintiff DANIEL DEWOSKIN ("DeWoskin") seeks redress on behalf of
     himself and all others similarly situated who subscribe to a residential or
     wireless telephone number that Defendants made telephone solicitation calls
     to despite such persons' registration on the national do not call registry.

2.   In addition, Plaintiff seeks redress on behalf of himself and all others
     similarly situated who subscribe to a residential or wireless telephone

number that Defendants made telemarketing calls to without implementing

the minimum procedures for maintaining a company specific do not call list.

3.   Plaintiff alleges that Defendants' conduct violated the Telephone Consumer

Protection Act, 47 U.S.C. §227 ("TCPA"), and the regulations promulgated

thereunder, 47 CFR § 64.1200(c), (d), (e).

## PARTIES AND PERSONAL JURISDICTION

4.   Plaintiff is a natural person who resides in DeKalb County, Georgia and is

authorized by law to bring this action.

5.   Defendant Desert Lake Group, LLC ("Desert Lake Group") is a limited

liability company formed in the State of Utah.

6.   Desert Lake Group is in the business of marketing and selling products with

Cannabidiol ("CBD").

7.   In the course of its business, Desert Lake Group directed telemarketing and

telephone solicitation calls to Plaintiff in DeKalb County, Georgia for the

purposes of attempting to sell Plaintiff CBD products through its website.

8.   Defendant Darin Toone is an individual member of Desert Lake Group who

is responsible for its operations and marketing, including the telephone calls

at issue in this case.

9.   The calls were received by Plaintiff in DeKalb County, Georgia.

2

10.     Defendants transact business in this State.

11.     Defendants are subject to the jurisdiction and venue of this court.

12.     Other defendants may be discovered in the course of litigation. As such,
        Plaintiff respectfully requests that this Court permit the addition of later
        discovered defendants upon motion.

## STATEMENT OF FACTS

13.     The named Plaintiff is the subscriber and regular user of cellular telephone
        service for telephone number (404) 786-5985.

14.     Plaintiff registered his cellular telephone number on the National Do Not
        Call Registry on September 28, 2006.

15.     On January 15, 2020, Defendants made a text call to Plaintiff's personal
        cellular telephone number.

16.     Plaintiff responded to the text call with "stop."

17.     Despite Plaintiff's request that the calls stop, Defendants made another text
        call to Plaintiff's cellular telephone number on January 19, 2020.

18.     The telephone calls included a link which forwarded to the Defendants'
        website when clicked on or entered into a mobile browser.  As of January
        20, 2020, the link forwarded to https://firstclassherbtincture.com/cghs-
        gr?client=oc34&router=33BCB448893F83552AE4FA31552410922992&affid=42

3

8214&subid=2932-6035&ClickID=01_58401897_f9548b05-5165-4bb6-a4d4-
6cddd85c9701&CID=426105&subid1=&subid2=&subid3=&AffiliateReferenceID=
26883433&utm_source=428214&utm_medium=426105&utm_campaign=2932-
6035.

19.     The text calls and Plaintiff's response are included in the below screenshots

from Plaintiff's cellular telephone.



20.     Plaintiff has never provided Defendants with his cellular telephone number.

21.     Plaintiff has never provided Defendants with permission to make calls to his

cellular telephone number.

22. Plaintiff has never made any inquiry or purchase with the Defendants and has no established business relationship with the Defendants.

23. The purpose of the calls was to attempt to sell Plaintiff CBD products.

24. Plaintiff did not desire to receive such calls to his cellular telephone number, and Plaintiff and members of the class suffered harm as a result including, but not limited to, annoyance, nuisance, harassment, invasion of the their respective privacy interests, intrusion upon seclusion, trespass or occupation of their respective telephone lines, and the time spent making do not call requests deemed futile by the Defendants' refusal to honor such requests.

25. Congress has statutorily elevated the rights of consumers to be free from and legally protected against the types of calls which violate the TCPA, and Defendants have harmed the named Plaintiff and class members by invading this legally protected right.

26. The legally protected rights under the TCPA closely relate to rights enforceable at common law, including without limitation to the torts of intrusion upon seclusion, nuisance, harassment, tortuous infliction of emotional distress, and unreasonable collection practices.

27. All conditions precedent to bringing this action have been complied with.

## CLASS ALLEGATIONS

28.  This action is brought on behalf of a class defined as (i) all persons to whom two or more calls were initiated in any 12 month period by or at the direction of Defendants (ii) to such person's residential or wireless telephone number (iii) for the purposes of selling CBD products (iv) in the four year period preceding the filing of this action, through the date of class certification.

29.  Plaintiff alleges a subclass of such persons who received such a call after responding to a text call with the message "stop."

30.  In addition, Plaintiff alleges a separate subclass of such persons who received a call more than 31 days after having registered such telephone number on the national do not call registry. Excluded from this subclass are persons whose Defendants' records show made a purchase from the Defendants within 18 months of such call or an inquiry within 3 months.

31.  The exact size of the class is information within the exclusive knowledge of the Defendants.

32.  The class is so numerous that joinder of all members is impractical.

33.  The allegation of the previous paragraph is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.  This

allegation is based upon the following information: 1) Plaintiff himself received multiple calls to his cellular telephone from Defendants, indicating Defendants did not honor DNC requests; 2) The calls to Plaintiff were generic in a fashion which indicates they were made using automated means; and 3) the very purpose of blast texting is to call numerous persons in a short amount of time, and Plaintiff received multiple calls to his cellular telephone.

34.  There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. The principal issues are:

    a.  Whether Defendants made telemarketing calls without having implemented the minimum procedures maintaining a company specific do not call list;

    b.  Whether Defendants made telephone solicitation calls to telephone numbers registered on the National Do Not Call Registry; and

    c.  Whether the telephone calls were made knowingly or willfully.

34.  The claims of the Plaintiff are typical of those of the class members.  All are based on the same facts and legal theories.

35.  Plaintiff will fairly and adequately protect the interests of the class.  He has

retained counsel experienced in handling TCPA actions and class actions. Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue this action.

36.  Certification of the class under Rule 23 is appropriate in that:

    a.  The questions of law or fact common to the members of the class predominate over any questions affecting an individual member;

    b.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class treatment will permit a large number of similarly situated persons to prosecute their common claims relating to Defendants' telemarketing and telephone solicitation calls in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual lawsuits would entail. Absent a class action, many members of the class will likely not obtain or even attempt to obtain relief, whether because they are unaware of their right to relief from the harm caused by Defendants' illegal practices, due to the prohibitive time and monetary cost inherent in individual litigation, or otherwise.

37.  Plaintiff requests certification of a class pursuant to Rule 23(b)(3) for his claims of monetary damages.

## CAUSES OF ACTION

### COUNT ONE: TELEPHONE CONSUMER PROTECTION ACT COMPANY SPECIFIC (INTERNAL) DO NOT CALL VIOLATION

38. The acts of Defendants constitute violations of the Telephone Consumer Protection Act and/or its implementing regulations.

39. The TCPA required the Federal Communication Commission ("FCC") to initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers privacy rights to avoid receiving telephone solicitations to which the object. 47 U.S.C. § 227(c)(1).

40. Congress specifically directed the FCC to "compare and evaluate alternative methods and procedures" including the use of "company specific 'do not call' systems[.]" 47 U.S.C. § 227(c)(1)(A).

41. The TCPA required the FCC to conclude such proceedings by issuing regulations to implement methods and procedures for protecting such privacy rights in an efficient, effective, and economic manner and without the imposition of any additional charge to telephone subscribers. 47 U.S.C. § 227(c)(2).

42. The Federal Communications Commission's regulations provide:

> No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not

9

to receive telemarketing calls made by or on behalf of that person or entity.

47 C.F.R. § 64.1200(d).

43. This provision is made applicable to wireless numbers by 47 C.F.R. § 64.1200(e).

44. The procedures required must include the following:

> If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

47 C.F.R. § 64.1200(d)(3).

45. Recognizing that most callers have the ability to record and honor such requests immediately, the FCC confirmed that such requests must be honored within a reasonable time and that "telemarketers with the capability

to honor such company-specific do-not-call requests in less than thirty days

must do so." *Rules and Regulation Implementing the Telephone Consumer*

*Protection Act of 1991*, 18 FCC Rcd. 14014, ¶ 94 (FCC 2003).

46.    Because Defendants use a blast text platform with an established means of

opting out with a "STOP" reply, Defendants have the capability to honor

such DNC requests immediately or at least by the following day.  It was

unreasonable not to honor such requests.

47.    Defendants failed to maintain the procedures required by 47 C.F.R. §

64.1200(d)(3).

48.    Defendants did not record Plaintiff's request not to receive calls from

Defendants.

49.    Defendants did not place Plaintiff's name and number on its do not call list

at the time of Plaintiff's request.

50.    Defendants did not honor Plaintiff's request not to be called within a

reasonable time from the date such request was made.

51.    The FCC's required procedures for telephone solicitations also include the

following:

> A person or entity making a call for telemarketing purposes must
> provide the called party with the name of the individual caller, the
> name of the person or entity on whose behalf the call is being made,

and a telephone number or address at which the person or entity may be contacted.

47 C.F.R. § 64.1200(d)(4).

52. Defendants did not provide the Plaintiff with the name of the individual caller or identify itself in the text calls.

53. Defendants' failure was designed to thwart the recipients' ability to know to true identity of the caller and actively prevent unwanted telemarketing calls.

54. In fact, when the URL address in the text message was entered into a desktop browser, rather than a mobile browser, the link would forward the user to CNN's website. This was done because its target customers will use a mobile browser to access the link from the message, while people investigating the Defendants for the purposes of ensuring their do not call requests are properly documented are more likely to use a desktop.

55. As a result of Defendants' actions in violation of the TCPA and the Federal FCC's implementing regulations, Plaintiff is entitled to an award of damages up to $500.00 for each such violation pursuant to 47 U.S.C. § 227(c)(5)(B).

56. Defendants are aware of the TCPA's do not call rules and has continued to call after requests to stop calling. Defendants' conduct in violation of the TCPA and the Federal Communications Commission's implementing regulations was willful or knowing.

57. Plaintiff requests this Court treble damages for each such violation pursuant to 47 U.S.C. § 227(c)(5).

58. Defendants have acted in bad faith, been stubbornly litigious and/or caused the Plaintiff unnecessary trouble and expense, and Plaintiff requests an award of the expenses of litigation, including a reasonable attorney's fee, pursuant to O.C.G.A. § 13-6-11.

## COUNT TWO: TELEPHONE CONSUMER PROTECTION ACT NATIONAL DO NOT CALL VIOLATION

59. The acts of Defendants constitute violations of the Telephone Consumer Protection Act and/or its implementing regulations.

60. The TCPA required the Federal Communication Commission ("FCC") to initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers privacy rights to avoid receiving telephone solicitations to which the object. 47 U.S.C. § 227(c)(1).

61. The TCPA required the FCC to conclude such proceedings by issuing regulations to implement methods and procedures for protecting such privacy rights in an efficient, effective, and economic manner and without the imposition of any additional charge to telephone subscribers. 47 U.S.C. § 227(c)(2).

62.    The TCPA specifically permitted the FCC to issue regulations requiring the

establishment and operation of a single national database to compile a list of

telephone numbers of residential subscribers who object to receiving

telephone solicitations. 47 U.S.C. § 227(c)(3).

63.    The Federal Communications Commission's regulations provide:

> No person or entity shall initiate any telephone solicitation to...
> [a] residential telephone subscriber who has registered his or her
> telephone number on the national do-not-call registry of persons who
> do not wish to receive telephone solicitations that is maintained by the
> Federal Government. Such do-not-call registrations must be honored
> indefinitely, or until the registration is cancelled by the consumer or
> the telephone number is removed by the database administrator.

47 C.F.R. § 64.1200(c)(2).

64.    This provision is made applicable to wireless numbers by 47 C.F.R. §

64.1200(e).

65.    Defendants failed to maintain the procedures required by 47 C.F.R. §

64.1200(c)(2)(i).

66.    Defendants did not record Plaintiff's request not to receive calls from

Defendants.

67.    Defendants did not use any process to prevent them from calling numbers on

the National Do Not Call Registry.

68.  As a result of Defendants' actions in violation of the TCPA and the Federal
     FCC's implementing regulations, Plaintiff is entitled to an award of damages
     up to $500.00 for each such violation pursuant to 47 U.S.C. § 227(c)(5)(B).

69.  Defendants are aware of the TCPA's do not call rules and have continued to
     call. Defendants' conduct in violation of the TCPA and the Federal
     Communications Commission's implementing regulations were willful or
     knowing.

70.  Plaintiff requests this Court treble damages for each such violation pursuant
     to 47 U.S.C. § 227(c)(5).

71.  Defendants have acted in bad faith, been stubbornly litigious and/or caused
     the Plaintiff unnecessary trouble and expense, and Plaintiff requests an
     award of the expenses of litigation, including a reasonable attorney's fee,
     pursuant to O.C.G.A. § 13-6-11.

## JURY TRIAL DEMAND

72.  Plaintiff hereby demands a trial by jury on all issues so triable.

## DOCUMENT PRESERVATION DEMAND

73.  Plaintiff hereby demands that the Defendants take affirmative steps to
     preserve all telephone recordings, data, emails, other recordings, phone
     records, dialer records, documents and all other tangible things that relate to

the allegations herein, Plaintiff or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, telemarketing, account, sale or file associated with Plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If Defendants are aware of any third party that has possession, custody or control of any such materials, Plaintiff demands that Defendants request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the Defendants.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of himself and the class he seeks to represent against Defendants, as follows:

A.    Certification of this matter to proceed as a class action;

B.    That Plaintiff and the class be awarded damages in the amounts provided by statute;

C.    That Plaintiff and the class be awarded treble damages;

D.    That Plaintiff and members of the class be awarded the expenses of litigation, including a reasonable attorneys' fee.

16

E.    That Plaintiff and members of the class be awarded such additional

relief as deemed just and proper.


Respectfully submitted,

                              SKAAR & FEAGLE, LLP


                        By:    /s/ Justin T. Holcombe
                               Justin T. Holcombe
                               Georgia Bar No. 552100
                               jholcombe@skaarandfeagle.com
                               Kris Skaar
                               Georgia Bar No. 649610
                               kskaar@skaarandfeagle.com
                               133 Mirramont Lake Drive
                               Woodstock, GA 30189
                               Tel:   (770) 427-5600
                               Fax:   (404) 601-1855

                               James M. Feagle
                               Georgia Bar No. 256916
                               jfeagle@skaarandfeagle.com
                               Cliff R. Dorsen
                               Georgia Bar No. 149254
                               cdorsen@skaarandfeagle.com
                               2374 Main Street, Suite B
                               Tucker, GA 30084
                               Tel:   (404) 373-1970
                               Fax:   (404) 601-1855

STATE COURT OF
DEKALB COUNTY, GA.
1/21/2020 4:56 PM
E-FILED
BY: Monica Gay                    17

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☑ State Court of ___De Kalb___ County

| For Clerk Use Only | |
|---|---|
| Date Filed ___1/21/2020___ | Case Number ___20A78718___ |
| MM-DD-YYYY | |

**Plaintiff(s)**

___DeWoskin   Daniel___
Last          First          Middle I.     Suffix     Prefix

_____
Last          First          Middle I.     Suffix     Prefix

_____
Last          First          Middle I.     Suffix     Prefix

_____
Last          First          Middle I.     Suffix     Prefix

**Defendant(s)**

___Desert   Lake   Group, LLC___
Last          First          Middle I.     Suffix     Prefix

___Toone   Darin___
Last          First          Middle I.     Suffix     Prefix

_____
Last          First          Middle I.     Suffix     Prefix

_____
Last          First          Middle I.     Suffix     Prefix

Plaintiff's Attorney ___Justin T. Holcombe___ State Bar Number ___552100___ Self-Represented ☐

### Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☑ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
Case Number                          Case Number

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20



## STATE COURT OF DEKALB GEORGIA, DEKALB COUNTY

DANIEL DEWOSKIN
Plaintiff,

vs.

DESERT LAKE GROUP, LLC D/B/A FIRST CLASS HERBALIST CBD, DARIN
TOONE
Defendant,

**Case No.: 20A78718**

**PROOF OF SERVICE**

Came to hand on <u>1/23/2020</u> at <u>11:05 AM</u> a true copy of the below referenced documents.

The undersigned is over the age of 18 years and not a party to the action. The undersigned is qualified and appointed under ARCP §4(d) & §4(e) to serve legal process within the State of Arizona.

**SERVED** On **1/24/2020** at **6:56 PM**, the undersigned served copies of:
**SUMMONS; CLASS ACTION COMPLAINT;**

Upon: **DARIN TOONE**
At: **1421 E. HOOVER AVE., PHOENIX, AZ 85006**

**In the following manner:**

**PERSONAL SERVICE ON AN INDIVIDUAL** per ARCP Rule 4.1(d)
**Description:**
Gender: **Male**    Race/Skin: **Caucasian**    Age: **50 - 55 Yrs** Weight: **161-200 Lbs.**    Height: **6' - 6'2**  Hair: **Gray**        Glasses:**No**
            Other:

I declare under penalty of perjury under the laws of the State of Arizona that the foregoing information contained in the Proof of Service is true and correct. [ARCP Rule 80(c)]

SUSIE BALDWIN
Notary Public, State of Arizona
Maricopa County
My Commission Expires
October 28, 2021

State of Arizona County of _Maricopa_ Subscribed
and sworn or affirmed before me on
(Date): _1/29/20_
Notary Public Signature: _Susie B_

SIGNED, _Gary J Viscum_

**GARY VISCUM,**

Job Number: 21001    Private Process Server ID # 8532 ,
                                      Maricopa County

Client File #:

STATE COURT OF
DEKALB COUNTY, GA.
1/30/2020 12:06 PM
E-FILED
BY: Monique Roberts

No. 20A78718

Date Summoned and Filed
~~01/21/2020~~

/s/ Monica Gay

Deputy Clerk

Deposit Paid $_____

[ ] **Answer**
[ ] **Jury**

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**SUMMONS**

DANIEL DEWOSKIN
c/o Skaar & Feagle, LLP
133 Mirramont Lake, Drive, Woodstock, GA 30189
(Plaintiff's name and address)

vs.

DESERT LAKE GROUP, LLC
c/o its registered agent: Darin Toone
6975 Union Park Avenue STE 600
Cottonwood Heights, UT 84047
(Defendant's name and address)

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2ⁿᵈ Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the Plaintiff's attorney, to wit:

Justin T. Holcombe
Georgia Bar No. 552100
Skaar & Feagle, LLP
133 Mirramont Lake Drive
Woodstock, GA 30189

an **ANSWER** to the complaint which is herewith served upon you, within 30 days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. (Plus costs of this action.)

Defendant's Attorney

Address

Phone No.                    Georgia Bar No.

Third Party Attorney

Address

Phone No.                    Georgia Bar No.

**TYPE OF SUIT**

☐ Account          ☐ Personal Injury
☐ Contract         ☐ Medical Malpractice
☐ Note             ☐ Legal Malpractice
☐ Trover           ☐ Product Liability
                   ☐ Other

Principal    $ _____

Interest     $ _____

Atty Fees    $ _____

☐ Transferred From _____

**(Attach BLUE to Original and WHITE to Service Copy of complaint)**

summons1-2008rev

STATE COURT C
DEKALB COUNTY, G
1/21/2020 4:56 P
E-FILE
BY: Monica G

No. _____

20A78718

Date Summons Issued and Filed

1/21/2020

/s/ Monica Gay

Deputy Clerk

Deposit Paid $_____

[ ]   **Answer**

[ ]   **Jury**

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**SUMMONS**

DANIEL DEWOSKIN

c/o Skaar & Feagle, LLP

133 Mirramont Lake, Drive, Woodstock, GA 30189

(Plaintiff's name and address)

**vs.**

DARIN TOONE

1421 E HOOVER AVE

PHOENIX, AZ 85006-1738

(Defendant's name and address)

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the Plaintiff's attorney, to wit:

Justin T. Holcombe

Georgia Bar No. 552100

Skaar & Feagle, LLP

133 Mirramont Lake Drive

Woodstock, GA 30189

an **ANSWER** to the complaint which is herewith served upon you, within 30 days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. (Plus costs of this action.)

Defendant's Attorney _____

_____

Address _____

Phone No. _____   Georgia Bar No. _____

Third Party Attorney _____

_____

Address _____

Phone No. _____   Georgia Bar No. _____

**TYPE OF SUIT**

|  |  |  |  |
|---|---|---|---|
| ☐ Account | ☐ Personal Injury | Principal | $_____ |
| ☐ Contract | ☐ Medical Malpractice | | |
| ☐ Note | ☐ Legal Malpractice | Interest | $_____ |
| ☐ Trover | ☐ Product Liability | | |
| | ☐ Other | Atty Fees | $_____ |

☐ Transferred From _____

**(Attach BLUE to Original and WHITE to Service Copy of complaint)**

summons1-2008rev